UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA DEL CARMEN PARRA PEREZ, et al.,<br><br>　　　　　Defendants. | Case No.  1:19-cv-01224-AWI-EPG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND**<br><br>(ECF No. 45) |

Currently pending before the Court is Plaintiff Jose Acosta's ("Plaintiff") motion for leave to file a Third Amended Complaint. (Doc. No. 46.) The motion is unopposed. The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for November 20, 2020.  (Doc. No. 46.)  Having considered the motion as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

**I.  BACKGROUND**

Plaintiff filed this action on September 5, 2019, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* and related California law, against Defendants Maria Del Carmen Parra Perez, doing business as Lesly's Gifts and More ("Perez"), Thu Huynh ("Huynh"), and Ngoc Tran ("Tran," and collectively, "Defendants"). (ECF. No. 1) Plaintiff filed a

First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) on October 16, 2019. (ECF No. 6.) At Plaintiff's request, the Clerk of Court entered default against Nuynh and Tran on June 22, 2020. (ECF Nos. 32, 33.)

The Court entered a Scheduling Order on July 7, 2020. (ECF No. 35.) The Scheduling Order, in relevant part, required any amendment to the pleadings to be filed by July 17, 2020. (*Id.*) The Scheduling Order further set a Mid-Discovery Status Conference for October 20, 2020, before the undersigned. (*Id.*)

On July 16, 2020, Plaintiff and Perez filed a stipulated request to allow Plaintiff leave to file a Second Amended Complaint, which the Court approved by order entered on July 17, 2020. (ECF Nos. 36, 37.) The Clerk of Court again entered default against Nuynh and Tran on June 22, 2020, pursuant to Plaintiff's request. (ECF Nos. 39, 40.) Plaintiff and Perez filed a stipulation of dismissal as to Perez only on August 20, 2020. (ECF Nos. 41, 42.)

On October 13, 2020, Plaintiff filed a status report indicating that he intended to request leave to amend the complaint because he recently learned that Huynh and Tran, who were the owners of the property that is the subject of Plaintiff's complaint, had transferred ownership of the property to a newly formed company. (ECF No. 43.) The Court accordingly continued the Mid-Discovery Status Conference set for October 20, 2020, to January 27, 2021. (ECF No. 44.)

Plaintiff filed the instant motion on October 20, 2020. (ECF No. 46.) According to the motion, Plaintiff seeks leave to amend in order to name THNBT LLC ("THNBT") as a defendant. (ECF No. 46-1.) Plaintiff alleges that THNBT is an alter ego of Huynh and Tran and was created during the pendency of this litigation in an attempt to evade collection on a default judgment by transferring ownership of the property at issue from Huynh and Tran to THNBT. (*Id.*; *see also* ECF Nos. 45-2, 45-4.) The Declaration of Tanya Moore filed in support of the motion states that Plaintiff and his counsel first learned that the subject property had been transferred to THNBT on October 13, 2020. (ECF No. 45-3.) Plaintiff has attached a copy of the proposed Third Amended Complaint as well as a redline version identifying the proposed changes. (ECF Nos. 45-2, 45-4.)

**II.    LEGAL STANDARDS**

"[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed

2

first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.,* 187 F.R.D. 605, 607 (E.D. Cal. June 16, 1999); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe,* 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.)

Rule 15(a), in turn, permits a party to amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

3

>allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

### III. DISCUSSION

Pursuant to the Scheduling Order entered on July 7, 2020, any amendment to the pleadings was to be filed by July 17, 2020. (ECF No. 35.) Plaintiff's motion to amend was filed on October 20, 2020 and is therefore untimely pursuant to the deadline set by the Scheduling Order. (*See id.*; ECF No. 45.) Although Plaintiff primarily argues the propriety of amendment under Rule 15, because the motion is untimely the Court must first consider whether Plaintiff has met his burden of demonstrating good cause for amendment of the Scheduling Order. *See Johnson,* 975 F.2d 604 (holding that a motion to amend filed after a deadline set forth in a pretrial scheduling order must satisfy the requirements of Federal Rule of Civil Procedure 16).

Here, the declaration of Plaintiff's counsel filed in support of the motion states that Plaintiff and his counsel first learned on October 13, 2020, that the subject property had been

transferred to THBNT. (ECF No. 45-3.) Plaintiff has also requested that the Court take judicial notice of THBNT's Articles of Organization and Statement of Information filed with the California Secretary of State on June 23, 2020, and June 26, 2020, respectively, and the Court will grant Plaintiff's request as to these documents.[1] (ECF Nos. 45-5, 45-6.) Plaintiff's counsel further represents that counsel for Huynh and Tran did not advise Plaintiff's counsel of the transfer. (ECF No. 45-3.) In light of the timing of when THNBT's organizational documents were filed, as well as Plaintiff's counsel's representation that she and Plaintiff first discovered the transfer on October 13, 2020, it appears that Plaintiff was unable to comply with the amendment deadline due to matters not reasonably foreseeable at the time the Scheduling Order issued. Furthermore, the motion was filed on October 20, 2020, approximately one week after Plaintiff and his counsel discovered the transfer, and Plaintiff was therefore diligent in seeking modification once it became apparent that amendment was necessary. The Court therefore finds that the good cause requirement of Rule 16 has been satisfied.

Having found that the Rule 16 standard is satisfied, the Court further considers whether leave to amend is appropriate under Rule 15(a). Plaintiff does not appear to have unduly delayed in seeking to amend the complaint or to have acted in bad faith or with a dilatory motive. Plaintiff filed his motion approximately one week after learning of the property transfer giving rise to amendment and it does not appear that the relatively brief delay in learning of the transfer warrants denial of amendment. Additionally, there is no indication of prejudice to any parties as Huynh and Tran are presently in default and no opposition to the motion has been filed. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). The Court has also reviewed the proposed amended complaint and finds that the granting of leave to amend would not be futile. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845

---

[1] Plaintiff also requests that the Court take judicial notice of a Grant Deed dated June 19, 2020, and recorded on July 22, 2020, which the motion argues purports to transfer the subject property from Huynh and Tran to THNBT. (*See* ECF Nos. 45-1 at 3, 45-5.) However, Plaintiff's proposed Third Amended Complaint identifies the subject property as 3263 East Ventura Avenue, Fresno, CA 93702, while the Grant Deed purports to transfer real property known as 3247 E. Ventura Ave., Fresno, CA 93702. (*See* ECF Nos. 45-2 at 2, 45-4 at 2, 45-6 at 6.) While Plaintiff's attention is directed to this discrepancy, the Court need not resolve it at this time as the Court does not rely on the Grant Deed for purposes of deciding this motion.

F.2d 209, 214 (9th Cir. 1988)) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'").

The Court acknowledges that the deadline for non-expert discovery set forth in the Scheduling Order has lapsed and it may be necessary to modify the Scheduling Order in light of the addition of TNHBT. Amendment may therefore result in some slight delay in the resolution of this action. (*See* ECF No. 35.) Nonetheless, the timing of a motion seeking leave to amend is only one of several factors for the court's consideration, and it is not the most important. *See Jackson*, 902 F.2d at 1387 ("Prejudice to the opposing party is the most important factor" in determining whether to grant leave to amend."). Having found that there is no showing of prejudice, bad faith, or futility, the Court is satisfied that the granting of leave to amend is warranted here.

**IV.     CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion (ECF No. 45) for leave to file a Third Amended Complaint is GRANTED;

2.     Within seven (7) days of the date of this Order, Plaintiff shall file his Third Amended Complaint, a copy of which is attached as Exhibit A (ECF No. 45-2) to the motion;

3.     Upon the filing of the Third Amended Complaint, the Clerk of Court is directed to issue summons as to THNBT LLC;

4.     Plaintiff shall effectuate service of the summons and Third Amended Complaint on THNBT LLC within the time limit for service prescribed by Federal Rule of Civil Procedure 4(m);

5.     Any answer or other responsive pleading to the Third Amended Complaint shall be filed and served in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following service of the Third Amended Complaint; and

///
///
///
///

6. The parties' status report in advance of the Status Conference set for March 31, 2021, at 2:00 p.m. in Courtroom 10 (EPG) before the undersigned (*see* ECF No. 48) should address whether any amendment to the Scheduling Order is necessary.

IT IS SO ORDERED.

Dated: **February 2, 2021**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE