UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA DEL CARMEN PARRA PEREZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01224-AWI-EPG<br><br>ORDER PERMITTING PLAINTIFF TO PROVIDE SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |

　　　　Pending before the Court is Plaintiff Jose Acosta's ("Plaintiff") motion for default judgment against Defendants Thu Huynh, Ngoc Tran, and THNBT LLC ("Defendants"). (ECF No. 58.) As discussed below, the Court will grant Plaintiff leave to submit further supplemental briefing in support of his motion.

**A.** *Eitel* **Factors**

　　　　Federal Rule of Civil Procedure 55 permits the Court to enter default judgment following a defendant's default. *See* Fed. R. Civ. P. 55(b). Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit has enumerated the following factors (collectively, the *Eitel* factors) that a court may consider in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint;

1

(4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff's motion does not specifically address whether the *Eitel* factors favor entry of default judgment against Defendants. While Plaintiff argues that he has established that he is entitled to relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, which is relevant to the considerations under the second and third *Eitel* factors, he does not address the prejudice to Plaintiff, the sum of money at stake, the possibility of a dispute, whether the default was due to excusable neglect, or the policy favoring decision on the merits. (*See* ECF No. 58-1.)

Additionally, as to the sufficiency of the ADA claim, Plaintiff argues that whether removal of the architectural barriers are readily achievable is an affirmative defense that is waived unless raised, and the defense is waived here because Defendants have not answered the complaint. (ECF No. 58-1 at 9-10.) In *Lopez v. Catalina Channel Express, Inc.,* 974 F.3d 1030, 1034-35 (9th Cir. 2020), the Ninth Circuit held that an ADA plaintiff "ha[s] the initial burden . . . of *plausibly showing* that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances."

The Court will therefore allow Plaintiff to supplement his briefing to address the *Eitel* factors, including whether the second and third *Eitel* factors support default judgment as to Plaintiff's ADA claim in light of *Lopez.*

**B.  Service**

Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process, as well as the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *Kaldawi v. Kuwait*, 709 F. App'x 452, 453 (9th Cir. 2017) ("When entry of judgment is sought against a party who has

failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *cf. S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

Federal Rule 4(e)(2)(B) permits service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" California law, in turn, permits substituted service upon an individual by:

> "leaving a copy of the summons and complaint . . . at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail."

Cal. Code Civ. P. § 415.20(a).

Plaintiff's motion does not address whether service on Defendants was adequate or whether the Court has jurisdiction over the subject matter and the parties. According to the proofs of service Plaintiff filed, Defendants Huynh and Tran were served by leaving copies of the summons and complaint at 2586 Greenrock Road, Milpitas, CA 95035 by serving "co-occupant" Ann Nguyen and thereafter by mail. (ECF Nos. 14, 15.) However, Plaintiff's briefing does not address whether 2586 Greenrock Road, Milpitas, CA 95035 is Defendant Huynh and Tran's "dwelling or usual place of abode" under Rule 4(e)(2)(B) or their "usual mailing address" under California Code of Civil Procedure § 415.20(a).[1] Accordingly, the Court will give Plaintiff leave to supplement his motion to address the adequacy of service and the Court's jurisdiction over the subject matter and the parties.

---

[1] In support of the motion, Plaintiff's counsel submits a declaration attaching what he describes as a grant deed establishing Defendant Huynh and Tran's ownership of the underlying property at issue in this case. (*See* Moore Decl., ECF Nos. 58-2 at 2, 58-3 at 2.) The return address for "Mr. and Mrs. Thu Huynh" is listed as 2586 Greenrock Road, Milpitas, CA 94035. (ECF No. 58-3 at 2.) Plaintiff's counsel also attaches a grant deed from Defendants Huynh and Tran to THNBT, which directs tax statements to be mailed to Defendant THNBT to the attention of Defendant Huynh at 2586 Greenrock Road, Milpitas, CA 95035. (ECF No. 58-3 at 5.) Finally, Plaintiff's counsel attaches a Statement of Information for THNBT filed with the California Secretary of State listing Defendant Huynh's address and Defendant THNBT's business address as 2586 Greenrock Road, Milpitas, CA 95035. (ECF No. 58-3 at 8.) Because Plaintiff's briefing does not address the issue, it is not clear to the Court if these records establish Defendant Huynh's address for purposes of service or whether Plaintiff contends that these documents sufficiently indicate that Defendant Tran shares the same address.

**C. Order**

In light of the foregoing, IT IS HEREBY ORDERED that, within fourteen (14) days of this order, Plaintiff may file supplemental briefing addressing the *Eitel* factors and the adequacy of service and the Court's jurisdiction over the subject matter and the parties as described above.[2]

IT IS SO ORDERED.

Dated:   **July 28, 2021**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff may file a request for an extension of time to submit his supplemental briefing if necessary.